604 May 21, 2025 No. 446

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

v.

BIANCA SADE NAZAIRE,
*Defendant-Appellant.*

Lane County Circuit Court
21CR61175; A181382

Charles M. Zennaché, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____

 *  Lagesen, Chief Judge, vice Mooney, Senior Judge.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction for attempted second-degree assault (Count 1), ORS 163.175, and harassment (Count 2), ORS 166.065, entered after the trial court found her guilty except for insanity on those counts. She assigns error to the denial of her motion for a judgment of acquittal on Count 1, arguing that the evidence was insufficient to find that she acted with the intent to cause the victim serious physical injury. After reviewing the record, we conclude that there was sufficient evidence for a rational trier of fact to find that she acted with the requisite intent and, accordingly, affirm the trial court's judgment.

On December 14, 2021, defendant, while in the midst of a psychotic episode, encountered an elderly Asian-American woman on the sidewalk and began punching her in the face repeatedly. As the victim lay on the ground, defendant continued punching her, causing a fractured nose, concussion, and several contusions to her head and chest. At the time of the incident, defendant believed that she was a Homeland Security Agent defending against a foreign enemy. A witness to the altercation yelled at defendant to stop, to which defendant said, "[n]o, I'm not going to stop hitting her. *** She did this to our country." After another bystander asked defendant to stop, the victim broke free and got in the witness's car. Defendant chased after the car while they drove away.

Defendant was originally charged with second-degree assault, but the trial court found her guilty of the lesser-included offense of attempted second-degree assault after the state failed to prove that her actions caused a serious physical injury. Defendant reasserted her argument that the evidence was insufficient to conclude that she acted with the intent to cause serious physical injury. In a bench trial, the trial court disagreed. Due to defendant's inability to appreciate the criminality of her conduct, the trial court found her guilty except for insanity. Defendant appeals that decision.

When reviewing a challenge to the sufficiency of the evidence, we view "the evidence in the light most favorable

to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

A person commits second-degree assault if she "[i]ntentionally or knowingly causes serious physical injury to another." ORS 163.175(1)(a). In turn, a person attempts to commit a crime if she "intentionally engages in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405. Attempting to commit a crime requires a "conscious objective" to complete the crime. *State v. Kyger*, 305 Or App 548, 554, 471 P3d 764 (2020), *aff'd*, 369 Or 363, 506 P3d 367 (2022) (explaining that a person is guilty of the inchoate crime of attempting to commit a particular crime only if they acted with the conscious objective of engaging in the particular crime). Thus, a person commits attempted second-degree assault if they act with the conscious objective to cause serious physical injury to another. Serious physical injury is a "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8).

We conclude that in this case, when viewing the evidence consistent with that standard, a rational trier of fact could determine that defendant acted with the intent to cause serious physical injury. *See Kyger*, 305 Or App at 554; *see also State v. Rogers*, 301 Or App 393, 398, 457 P3d 363 (2019) ("[A] jury could convict defendant of harassment only if the state presented sufficient evidence from which a rational factfinder could find that defendant * * * acted with a conscious objective to convey the threatening statement therein to [the victim]."). Defendant argues that the probable consequences of her actions were not likely to cause serious physical injury, and therefore, it was not reasonable to infer from her conduct that she intended to cause serious physical injury. We disagree. Defendant's repeated violent conduct of punching the victim, her refusal to stop punching the victim after she was on the ground, and the motive for

her conduct expressed in her delusion—that defendant was a government agent and the victim "did this to our country" during the COVID-19 pandemic—was sufficient to support the conclusion that defendant acted with the intent to cause serious physical injury. *See State v. Bivins*, 191 Or App 460, 466, 83 P3d 379 (2004) ("[T]he state may rely on circumstantial evidence and reasonable inferences flowing from that evidence" to establish the elements of a crime.). Her expressed motive for her conduct, paired with her actual violent conduct, were sufficient for a rational trier of fact to find that she acted with the requisite intent.

Defendant argues that the evidence supported "inferences of innocence" that created reasonable doubt. *See State v. Krummacher*, 269 Or 125, 139, 523 P2d 1009 (1974). However, we agree with the state that, while some facts that defendant cites could support an inference that defendant did not act with the requisite intent, a rational trier of fact could still find that defendant acted with intent to cause serious physical injury from other evidence in the record. *See id.* at 142-43 ("It is our impression that the inferences of guilt that may be drawn, as compared with contrary inferences which are permissible after factual disputes are settled in favor of the [s]tate, leave a sufficient preponderance towards guilt to permit a jury to find guilt beyond a reasonable doubt. *** The question for us at this stage is whether the evidence is sufficient for an honest and well-motivated juror to find guilt beyond a reasonable doubt.").

Affirmed.